Rockingham,
No. 4215.

URSULA M. TAYLOR *v.* KENNETH JEWELL *& a.*

Argued November 3, 1953.

Decided November 30, 1953.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Sleeper* orally), for the plaintiff.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the defendant Jewell.

*Perkins & Holland* (*Mr. Perkins* orally), for the defendant Taylor.

LAMPRON, J. In his supplemental opening the plaintiff stated, among other things, that the speed of the defendants was too fast under all the circumstances and that it caused or helped to cause the collision. He further alleged that the defendants failed to keep a reasonable and careful lookout and failed to keep to the right of the center of the traveled part of the way. Treating this statement "as though the evidence offered had been introduced" (*Charpentier* v. *Company*, 91 N. H. 38, 40), there is no doubt that defendants' motions for nonsuit were then properly denied. *Couture* v. *Woodworth*, 97 N. H. 344, 345.

The defendants take the position, however, that there was an agreement made by plaintiff's attorney in open court that the Trial Court could rule on their motion for a nonsuit after his original opening and that it should have been enforced. *Johnson* v. *Company*, 96 N. H. 44, 49.

The pertinent parts of the record relating thereto are as follows: "*Court*: He is entitled to amend before the ruling against him he can tell the acts if he wishes to do so ... *Court*: You want me [to] rule on the situation as it is at present? *Mr. Sleeper*: Well, yes. [Opening statement read by stenographer] *Mr. Sleeper*: I think I could add to my opening statement. *Mr. Calderwood*: I understood he asked the Court to rule on the present status of the opening statement. *Mr. Sleeper*: I should like to ask the Court to reopen the opening, naming several grounds of negligence under the statute and what we claim is the common law duties. *Court*: Go ahead. ... I think you better make a choice. If I am going to rule you're not going to reopen after I rule. *Mr. Sleeper*: You said to go ahead. I would like to go ahead."

We fail to see in the above "a contract made by him in court" (*Burtman* v. *Butman*, 94 N. H. 412, 415) or a "bargain" made between the parties kept by the defendants and to which the plaintiff should be held. *Johnson* v. *Company, supra*.

There is nothing in the record to show that the Court abused his discretion in permitting the plaintiff to supplement his opening after defendants' motion for nonsuit. *Ricker* v. *Mathews,* 94 N. H. 313, 316; *Thistle* v. *Halstead,* 96 N. H. 192, 193. On the contrary, the Court followed the procedure suggested in *Cavanaugh* v. *Barnard,* 83 N. H. 370, 373, where it was said: "Before a trial judge takes a case from the jury on an opening statement . . . he ought to ascertain definitely if the statement . . . embraces the entire proof."

*Exceptions overruled.*

All concurred.